**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FÉLIX HERNÁNDEZ DOBLE<br>Petitioner<br><br>v.<br><br>EDWIN GONZÁLEZ RAMOS, et al<br>Respondents | Civil No. 22-1613 (PAD)<br><br><br>Federal Habeas Corpus |

**MOTION TO DISMISS PURSUANT FED. R. CIV. P. RULE 12(B)(2), (4) AND (5)**

TO THE HONORABLE COURT:

COME NOW named respondents *Edwin González Ramos* ("warden Gonzalez") and the *Puerto Rico Department of Justice* ("PRDOJ"), collectively the "named Respondents", <u>appearing specially through the undersigned attorney for the limited purpose of moving the Court to dismiss the case of caption for lack of personal jurisdiction, for insufficient process, and for insufficient service of process</u>, without waving any right or defense arising from Title III of Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101 *et seq.* nor any affirmative defense, and without submitting to the Court's jurisdiction, and very respectfully set forth and pray:

## I.    Introduction

On August 9, 2023, the Court ordered named Respondents to respond to petitioner's motion no later than August 31, 2023. *See D.E. No. 15*. However, because no personal jurisdiction over the named Respondents has been established in the present case, the named Respondents

hereby appear specially for the limited purpose of moving the Court to dismiss the case of caption for lack of personal jurisdiction, for insufficient process, and for insufficient service of process, pursuant the *Federal Rules of Civil Procedure* ("Fed.R.Civ.P.").

## II.    Relevant Facts

1.      On <u>December 7, 2022</u>, Petitioner Felix Hernández Doble ("Petitioner") allegedly filed a complaint against the named Respondents. <u>However, there is no actual complaint on file in the Court's electronic docket; the actual document on file is not a complaint by the Petitioner against the named Respondents but some other kind of document</u>. *See D.E. No. 3 and document filed at Docket No. 3*.

2.      On <u>December 14, 2022</u>, counsel Franco Lorenzo Pérez Redondo ("atty. Pérez"), from the Federal Public Defender Office ("FPDO") appeared on behalf of Petitioner. *See D.E. No. 6*. On <u>January 18, 2023</u>, yet another attorney from the FPDO, counsel Eric Vos, also appeared on behalf of Petitioner. *See D.E. No. 11*.

3.      The summonses issued by the Court in the case of caption were not served within the <u>90-day</u> time limit for service established by Fed.R.Civ.P. Rule 4(m) on either of the named Respondents. Additionally, Petitioner did not request from the Court at any time, much less within the established time for service, an extension of the time limit for serving the summonses. According to the Court's Electronic Docket for the case, a summons was served upon the PRDOJ on <u>May 5, 2023</u>. *See D.E. No. 13. That is <u>149 days</u> after the alleged complaint of caption was filed with the Court*. <u>Hence, service of the summons upon the PRDOJ was insufficient</u>. Also according to the Court's electronic docket for the case, a summons was served upon warden Gonzalez on

May 30, 2023. *See D.E. No. 14*. *That is* <u>174 days</u> *after the alleged complaint of caption was filed with the Court*. <u>Therefore, service of the summonses upon both of the named Respondents was insufficient</u>.

4.      Additionally, along with the insufficiently served summons, Petitioner failed to deliver a copy of his actual complaint against the named Respondents to both the PRDOJ <u>and</u> warden González. <u>The document that accompanied the insufficiently served summonses is the same document Petitioner filed with the Court at Docket No. 3 as the complaint, which, as previously stated herein, is not a complaint but some other kind of document</u>. *See Exhibit 1, copy of the documents delivered by the US Marshalls upon the PRDOJ, <u>and</u> Exhibit 2, copy of the documents delivered by the US Marshalls upon warden Gonzalez.* <u>Therefore, process for both of the named Respondents was insufficient</u>.

5.      Since <u>December 14, 2022</u>, that is, just 7 days after filing the alleged complaint against the named Respondents, <u>the Petitioner has had the benefit of legal representation</u>.

6.      On <u>August 9, 2023</u>, the Court issued endorsed order at *D.E. No. 15* for the named Respondents to respond to petitioner's motion no later than <u>August 31, 2023</u>, therefore the present motion is timely. However, because no personal jurisdiction over the named Respondents has been established in the present case, the named Respondents are hereby appearing specially for the limited purpose of moving the Court to dismiss the case of caption for lack of personal jurisdiction, for insufficient process, and for insufficient service of process, pursuant the *Federal Rules of Civil Procedure* ("Fed.R.Civ.P.").

For the reasons that follow, this Court MUST GRANT the present motion and DISMISS the complaint of caption, and no personal jurisdiction has been established over Respondents.

### III.    Motion To Dismiss Standard

*Inter alia*, Fed.R.Civ.P. Rule 12(b) specifically provides that a party may assert the defenses of <u>lack of personal jurisdiction</u> (Rule 12(b)(2)), <u>insufficient process</u> (12(b)(4)), and <u>insufficient service of process</u> (12(b)(5)).

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To avoid dismissal, the complaint must contain factual allegations that "raise a right to relief above the speculative level", *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955, or in other words, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

The Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in plaintiffs' favor. *See Correa–Martinez,* 903 F.2d at 51. The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Santana–Castro v. Toledo–Davila,* 579 F.3d 109, 117 n. 9 (1st Cir.2009) (citing *McCoy v. Mass. Inst. of Technology,* 950 F.2d 13, 23 (1st Cir.1991)). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element

necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988).

### IV.        Legal Analysis and Discussion

1. <u>Petitioner has failed to comply with Fed.R.Civ.P. Rule 3</u>

Fed.R.Civ.P. *Rule 3* establishes that in federal courts, a civil action is commenced <u>by filing a complaint with court</u>. *Moungey v. Brandt*, W.D. Wis.1966, 250 F.Supp. 445. See, also, *Newberg v. American Dryer Corp.*, D.C. Pa. 1961, 195 F.Supp. 345; *U.S. v. Fireman's Fund Ins. Co.*, D.C. Idaho 1961, 191 F.Supp. 317.

*In the present action however*, the document that is on file in the Court's electronic docket at Docket No. 3 is not an actual complaint by the Petitioner against the named Respondents but some other kind of document that is not a complaint. Hence, the *Petitioner has failed to comply with Rule 3.* This fact alone, of easy corroboration, requires that the present case be DISMISSED, *as no complaint exists on file with the Court that could plausibly entitle the Petitioner to any relief*.

2. <u>Petitioner failed to comply with Fed.R.Civ.P. Rule 4</u>

Fed.R.Civ.P. *Rule 4(c)(1)* requires in general, that <u>a summons must be served with a copy of the complaint</u>, and that plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes the service.

*Rule 4(e)*, which governs service on individuals such as warden Gonzalez, requires <u>delivery of a copy of the summons and of the complaint</u> following state law for serving summons, or to

the individual personally, or leaving a copy of each at the individual's dwelling or usual place of abode, or delivering a copy of each to an authorized agent to receive service of process.

Rule 4(j)(2) establishes that a State or Local Government, or any other state-created governmental organization that is subject to suit, such as the PRDOJ, <u>must</u> be served by either <u>delivering a copy of the summons and of the complaint</u> to its chief executive officer or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant.

Further, *Rule 4(m)* requires that, <u>if a defendant is not served within 90 days after the</u> <u>complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss</u> <u>the action without prejudice against that defendant</u> or order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As stated previously herein, in the present case <u>service of process upon both of the named</u> <u>Respondents was insufficient because Petitioner failed to serve both of the named Respondents</u> <u>within the 90-day period of Rule 4(m)</u>, and did not request the Court at any time to extend the established time for service. Additionally, <u>process for both of the Respondents was insufficient</u> <u>because Petitioner also failed to deliver a copy of his complaint against the Respondents, as</u> <u>required by Rule 4(e) and 4(j)(2)</u>, delivering in its stead some other document that is not a complaint to both named Respondents. *See Exhibit 1 and 2.*

Furthermore, the fact that the document that was filed with the Court and also delivered with the summons upon the named Respondents is not an actual complaint by the Petitioner

against the named Respondents, this fact effectively creates prejudice against both of the named Respondents as it puts both of them in an indefensible position, not knowing what the Petitioner's allegations against them are, if any. Simply put, the document filed with the court and delivered to the named Respondents, which is not a complaint, provides no notice of the potential claims asserted against the named Respondents nor establishes that the Petitioner is entitled to any relief. Hence, this Honorable Court must DISMISS the present complaint of caption.

3. The Court lacks personal jurisdiction over the named Respondents

Personal jurisdiction gives a court the authority to determine the rights and liabilities of a person or entity in a civil legal action such as the present case of caption. Personal jurisdiction in the federal courts is governed by Fed.R.Civ.P. Rule 4. *The jurisdiction must not violate a party's right to due process*.

In the present case, because process for both named Respondents was insufficient, and because service of process upon both named Respondents was also insufficient, personal jurisdiction was not established. Therefore, this Court lacks personal jurisdiction over both of the named Respondents.

Accordingly, and for all the reasons stated above, the present motion to dismiss must be GRANTED, and consequently, the case of caption must be DISMISSED.

WHEREFORE, the named Respondents appearing specially before this Honorable Court pray that this Honorable Court *grants* the present motion and DISMISS the complaint of caption

against them, for lack of process, for lack of service of process, and for lack of personal jurisdiction.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court, using CM/ECF system, which will send notification of such filing to all parties and attorneys of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this 31st day of August 2023.

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

**SUSANA PEÑAGARÍCANO BROWN**
Deputy Secretary in Charge of Civil
Litigation

**MARCIA PÉREZ LLAVONA**
Director of Federal Litigation
and Bankruptcy Division

*s/* **Rafael B. Fernández Castañer**
USDC No. 225112
Federal Litigation Division
P.R. Department of Justice
P.O. Box 9020192
San Juan, PR  00902-0192
Tel.: (787) 721-2900, x-1423, 22, 21
Email: rfernandez@justicia.pr.gov